Mr. Alejandro Vilarello Hialeah City Attorney Post Office Box 11-0040 Hialeah, Florida 33011-0040
Dear Mr. Vilarello:
You ask substantially the following question:
Must a lifeguard for the City of Hialeah be trained as a first responder pursuant to section 401.435, Florida Statutes?
In sum:
A lifeguard for the City of Hialeah need not be trained as a first responder pursuant to section 401.435, Florida Statutes, when the city's lifeguard agency has not been designated as a first responder agency.
Section 514.071(1), Florida statutes, requires that any person working as a swimming instructor or lifeguard at a public swimming pool be certified by the American Red Cross, the Y.M.C.A., or other nationally recognized aquatic training program. Lifeguards at public pools are required to be currently certified in lifeguarding, first aid, and cardiopulmonary resuscitation. If a public pool uses a lifeguard in violation of this subsection, the Department of Health may sue to enjoin its operation.[1]
Thus, the basic qualification necessary for a lifeguard to work at a public swimming pool is certification in lifeguarding, first aid, and cardiopulmonary resuscitation. Your question, however, arises due to language in section 401.435, Florida Statutes, stating that "[f]or purposes of this section, the term `first responder agency' includes a law enforcement agency, a fire service agency not licensed under this part, a lifeguard agency, and a volunteer organization that renders, as part of its routine functions, on-scene patient care before emergency medical technicians or paramedics arrive."[2] (e.s.)
Section 401.435(1), Florida Statutes, directs the Department of Health to "adopt by rule the United States Department of Transportation Emergency Medical Services: First Responder Training Course as the minimum standard for first responder training."[3] The statute recognizes that a first responder includes any individual who has received training to render initial care to an ill or injured person, but who is not primarily responsible for treating and transporting ill or injured persons.
There is nothing in the statute defining "first responder agency" or prescribing the manner in which an agency may elect to become a first responder agency. Subsection (2) of the statute, however, states that each first responder agency "must take all reasonable efforts to enter into a memorandum of understanding with the emergency medical services licensee within whose territory the agency operates in order to coordinate emergency services at an emergency scene."[4] The memorandum of understanding must include dispatch protocols, the roles and responsibilities of first responder personnel at an emergency scene, and the documentation required for patient care rendered by the first responder agency.
It would appear, therefore, that an agency's assumption of the role as a first responder agency is reflected in the memorandum of understanding entered into with the emergency medical services licensee operating in the area. While the statute recognizes that a lifeguard agency may be a first responder agency, there is nothing contained therein automatically imposing the obligation of first responder on a lifeguard agency.
This office has been advised by the Department of Health of its position that qualifications for lifeguards employed at public pools are prescribed in section 514.071, Florida Statutes, and that nothing contained therein requires a lifeguard to be qualified as a first responder in the absence of the employing lifeguard agency having assumed the status as a first responder agency. The department acknowledges, however, that there are instances where a lifeguard agency has assumed the responsibilities of a first responder agency and, therefore, lifeguards employed by that agency must be qualified as first responders.
Clearly, section 514.071, Florida Statutes, provides the minimum training standards that must be met by a lifeguard performing duties at a public pool, while section 401.435, Florida Statutes, prescribes the minimum qualifications for a first responder. Although there may be an overlap when a lifeguard is acting as a first responder employed by a first responder agency, each statute has a separate field of operation that may be given effect without altering or affecting the requirements of the other.[5]
Accordingly, it is my opinion that a lifeguard for the City of Hialeah need not be trained as a first responder pursuant to section 401.435, Florida Statutes, when the agency employing the lifeguards has not been designated as a first responder agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 514.071(2), Fla. Stat.
[2] Section 401.435(2), Fla. Stat.
[3] Section 401.435(1), Fla. Stat.
[4] Id.
[5] Cf., Arnold v. State ex rel. Mallison, 2 So.2d 874 (Fla. 1941) (two statutes that can operate on the same subject matter without positive inconsistency or repugnance in their practical effect should be construed to carry out the legislative intent).